UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODNEY WHITE,<br><br>    Petitioner,<br><br>    v.<br><br>STEPHANIE CLENDENIN, Director, et al.,<br><br>    Respondents. | No. 1:24-cv-00291-SKO (HC)<br><br>**ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT JUDGE**<br><br>**FINDINGS AND RECOMMENDATION TO DISMISS PREMATURE PETITION**<br><br>**[TWENTY-ONE DAY OBJECTION DEADLINE]** |

    Petitioner, a state civil detainee proceeding pro se, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner challenges ongoing proceedings in Alameda County Superior Court to civilly commit him under California's Sexually Violent Predator Act ("SVPA"), see Cal. Welf. & Inst. Code § 6600 et seq. Upon preliminary review of the petition, the Court finds that it should abstain from interfering in ongoing state court proceedings, and the petition should be dismissed.

## DISCUSSION

A.    <u>Preliminary Review of Petition</u>

    Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not

1

entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases. The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Herbst v. Cook, 260 F.3d 1039 (9th Cir. 2001).

B.   Legal Claims

Petitioner is currently detained at Coalinga State Hospital awaiting trial in Alameda County Superior Court for civil commitment under California's SVPA. Petitioner contends there have been due process violations in the proceedings against him. He claims he was not provided reasonable accommodation for his hearing loss disability during pretrial hearings. He requests dismissal of the SVP petition and release from Coalinga State Hospital.

C.   Younger Abstention

Under principles of comity and federalism, a federal court should not interfere with ongoing state proceedings by granting injunctive or declaratory relief except under special circumstances. Younger v. Harris, 401 U.S. 37, 43-54 (1971). Younger abstention is required when: (1) state proceedings, judicial in nature, are pending; (2) the state proceedings involve important state interests; and (3) the state proceedings afford adequate opportunity to raise the constitutional issue. Middlesex County Ethics Comm. V. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982); Dubinka v. Judges of the Superior Court, 23 F.3d 218, 223 (9th Cir. 1994). The rationale of Younger applies throughout the appellate proceedings, requiring that state appellate review of a state court judgment be exhausted before federal court intervention is permitted. Dubinka, 23 F.3d at 223 (even if criminal trials were completed at time of abstention decision, state court proceedings still considered pending).

Here, SVPA proceedings are ongoing and involve important state interests. The importance of a state's interest may be shown by a close relationship between noncriminal proceedings to proceedings that are criminal in nature. Middlesex County Ethics Comm., 457 U.S. at 432. SVPA proceedings are closely related to proceedings that are criminal in nature and involve state interests of protection of the public and mental health treatment, which under

1    California law are considered to be compelling, Hubbart v. Superior Court, 19 Cal. 4th 1138,
2    1153 n. 20 (1999), and are the types of interests categorized as legitimate and important under
3    federal authority, Dept. of Revenue of Ky. v. Davis, 553 U.S. 328, 340 (2008) (health, safety and
4    welfare of citizens); Hill v. Colorado, 530 U.S. 703, 715 (2000) (traditional police power of the
5    state to protect the health and safety of citizens). Specifically, Younger abstention principles have
6    been applied to SVPA proceedings. See Smith v. Plummer, 458 Fed. Appx. 642, 643 (9th Cir.
7    2011) (unpublished); Cruz v. Ahlin, 2011 WL 5290092, at *3 (C.D. Cal. 2011) (unpublished)
8    (collecting cases).  Petitioner is awaiting trial, and the trial court remains available as an adequate
9    forum for Petitioner to seek relief.   Petitioner may request accommodation for his hearing
10   difficulties prior to and at his trial.[1]   Therefore, the Court recommends abstaining from interfering
11   in state proceedings pursuant to Younger.

**ORDER**

IT IS HEREBY ORDERED that the Clerk of Court is DIRECTED to assign a district judge to this case.

**RECOMMENDATION**

For the foregoing reasons, the Court RECOMMENDS that the petition be DISMISSED WITHOUT PREJUDICE.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to this case, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within twenty-one (21) days after being served with a copy, Petitioner may file written objections with the Court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  The Court will then review the Magistrate Judge's ruling pursuant to 28

/////

/////

---

[1] According to the petition, it appears Petitioner never made any requests for reasonable accommodation for his hearing difficulties.  In fact, when questioned whether he could hear, Petitioner would state that he could.  (Doc. 1 at 14.)

U.S.C. § 636 (b)(1)(C).  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **March 11, 2024**                         /s/ *Sheila K. Oberto*
                                        UNITED STATES MAGISTRATE JUDGE